Argued and submitted June 7, affirmed September 18, 1985

# WINCHESTER WATER CONTROL DISTRICT et al,
*Appellants,*

*v.*

# HISSONG et al,
*Respondents,*

*and*

# UMPQUA FISHERMEN'S ASSOCIATION,
*Intervenor-Respondent.*

(E 84 2206; CA A34210)

706 P2d 193

Jacob Tanzer, Portland, argued the cause for appellants. With him on the briefs were Stephen T. Janik and Ball, Janik & Novack, Portland.

Paul Nolte, County Counsel, Roseburg, argued the cause and filed the brief for respondent County Planning Commission. David G. Terry, Roseburg, joined the brief and argued the cause for intervenor-respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiffs appeal the trial court's dismissal of this mandamus action. The trial court held that the alternative writ failed to state a claim for relief. We affirm.

Plaintiffs hold a conditional use permit from Douglas County to operate an electrical generating facility at Winchester on the North Umpqua River. Intervenor-defendant Umpqua Fishermen's Association (the Association) · requested the county's Planning Director to revoke plaintiffs' conditional use permit because plaintiffs assertedly made false representations in obtaining the permit and allegedly failed to comply with its terms. The Director investigated the charges and issued a report and decision denying the requested revocation. The Association appealed the Director's decision to the Douglas County Planning Commission, which appointed a hearings officer to hear the case. Plaintiffs moved that the hearings officer dismiss the appeal on the ground that the decision denying revocation of the conditional use permit was not appealable under the applicable county ordinance and that the Commission was therefore without jurisdiction to hear it. The hearings officer denied the motion, and plaintiffs then initiated this mandamus action against the members of the Commission and the hearings officer.[1]

The Commission's jurisdiction depends on the provisions of the Douglas County Land Use and Development Ordinance. On appeal, the parties focus their attention on Section 3.52.450(2) of that ordinance, which provides:

"Revocation of a development approval is a ministerial act and shall be accompanied by notice to the violator that the approval is being revoked, stating reason for the revocation. As a ministerial act, revocation of a development approval may be appealed to the Planning Commission, pursuant to § 2.060(3)(c) and § 2.600 of this Ordinance."

Plaintiffs argue that the only decision subject to appeal under this section is a decision to revoke the approval and that the only party who may appeal is the party whose approval was

---

[1] We assume, without deciding, that a circuit court has mandamus jurisdiction over local governmental bodies making land use decisions, if those bodies act without jurisdiction, despite the exclusive jurisdiction for appeals of those decisions in the Land Use Board of Appeals. ORS 197.825.

revoked. If the section stood by itself, plaintiffs might be correct. However, when we consider it in the context of the entire ordinance, it appears that the Association is also a proper party to bring an appeal.

■ ■     The Douglas County Land Use and Development Ordinance, § 2.400, provides in part:

"1.  *Any action taken* by the Director *in the interpretation, administration or enforcement of this Ordinance shall be subject to review* by the Hearings Officer or Commission, pursuant to § 2.060(2)(c) and (3)(c), respectively.

"2.  *Any person or entity who files a timely written statement may appeal* a decision of the Director relative to an Administrative Action. In the conduct of a hearing, the Approving Authority shall establish the appellant as a party or the appeal shall not be heard and the contested decision shall become final." (Emphasis supplied.)

The Director formally decided not to revoke plaintiffs' permit. That decision was an action taken "in the interpretation, administration or enforcement" of the Land Use and Development Ordinance. It was, therefore, appealable under § 2.400(1). The Association filed a timely written statement appealing the Director's decision. Although § 2.400(2) states that an entity may appeal an "Administrative Action," there is no reason to hold that that term means anything other than the actions listed in § 2.400(1).[2] Unless there is something about § 3.52.450(2) which makes the normal appeal processes inapplicable, the planning commission has jurisdiction to hear the Association's appeal.

■     Plaintiffs, citing various canons of statutory construction, argued to the hearings officer, although not on this appeal, that § 3.52.450(2) established an exclusive appeals process for revocation which is outside that found in § 2.400. We disagree. Section 2.400 by its terms applies to *all* of the Planning Director's actions. Section 3.52.540(2) specifically refers to § 2.060(3)(c) but, because of a numbering error, the proper reference is § 2.060(4)(c). Each of those sections lists actions which may be appealed, either to the hearings officer

---

[2] The parties have not included the definitions section of the ordinance in the record, so we do not know whether there is a special definition for "Administrative Action."

or to the Planning Commission. Section 2.060(4)(c) specifically provides for an appeal to the Commission of "any other ministerial action of the Director." Those sections lead directly back to § 2.400(1). All that § 3.52.450(2) does is make clear the right of a party whose permit is revoked to appeal the revocation. It does not affect the rights of others to appeal the Director's decision on the same basis that they may appeal other actions. By this construction of the ordinance, we give effect to all its parts. ORS 174.010.

Because the Association had the right to and did properly appeal the Director's decision, the alternative writ failed to state a claim in mandamus. The trial court properly dismissed it.

Affirmed.